## Case No. 3,606.

### DAVIDSON v. LEWIS.

[1 MacA. Pat. Cas. 599.]

Circuit Court, District of Columbia. Oct. Term, 1858.

PATENTS—PRIORITY OF INVENTION—EVIDENCE IN INTERFERENCE PROCEEDINGS.

[1. Priority should be adjudged to him who first conceived the idea, and so described it, by words or drawings, as to enable a skillful workman to bring it into useful, practical operation; and if he used due diligence he is entitled to the patent, although another may have first succeeded in perfecting a machine.]

[2. In determining the question of priority, contradictions between two witnesses, whose general character for veracity has not been questioned, should rather be reconciled without imputing improper motives than that their concurrent testimony on another point should be entirely rejected.]

[This was an appeal by Charles H. Davidson from a decision of the commissioner of patents in an interference proceeding awarding priority to one Lewis in respect to the invention of an improvement in "breast shells."]

J. B. Crosby, for appellant.

MORSELL, Circuit Judge. The only matter in controversy in this case is, which of

[1] [Reported by Hon. William Cranch, Chief Judge.]

the parties was the first and original inventor of the improved invention of the breast pump, which invention, as stated by the commissioner, lay in adapting the old breast shell to the purpose of being worn equally long as the old breast shell and to be worked as a breast pump by the wearer herself, by drawing out one side of the glass shell into a pipe form, and attaching thereon an India-rubber tubing with a mouth-piece adapted to the further end of the elastic tube. He also states that this improvement appears to have been accomplished by both Lewis and Davidson in a manner precisely similar; so that both the nature and the amount of invention of both parties is identical. The question between the parties was decided by the commissioner upon the evidence submitted by them to him. On the hearing of said case in favor of the claim of Lewis, after noticing the particular parts of the testimony applicable to the various points of the case on the part of Davidson, and stating its insufficiency to sustain the claim for which it was offered, in conclusion, he says: "The office is of opinion that the testimony directed to sustain the invention of Davidson prior to the summer of 1857, and the manufacture of the sample in January, 1858, is neither clear as to the nature of the invention nor concordant with the other testimony adduced by Davidson, and is contradicted by the clearness and distinctness of the testimony adduced in favor of the invention at the dates just recited." To this decision there were thirteen reasons of appeal filed to apply to all the separate parts of the decision, in which the commissioner draws his inferences, deductions, or conclusions from the different parts of the appellant's testimony as erroneous.

The commissioner in his report, after stating his views in relation to the testimony on the part of Lewis in support of his claim, states, on the part of Davidson, the substance of the testimony of Haughton, Curtis, Babcock, and Davidson, and says the evidence so far is distinct and clear to Davidson's completing his invention in idea in July or August, 1857, and the manufacture of samples on the 1st of January, 1858. And were the evidence to rest here, the case would be plain; but Davidson brings forward other parties to show that early in October, 1856, he was engaged in perfecting his idea, and that it was complete and made on the last of June, 1857. (The commissioner's statement of the testimony follows, and his report concludes:) "It is believed, therefore, on a close examination of the testimony, that the evidence of Burdick and of Essex have no reference to this exact invention, but to one closely resembling it, and that of Brewer chiefly refers to plans and conversations, and not to the completion of an invention. The testimony of these three ought to be set aside. Omitting such evidence, the case stands thus: Lewis perfected his model 20th of March, 1857. The instrument was made

in the glass works November, 1857. Davidson engaged in making his model June, 1857. Samples were made in the glass works 1st of January, 1858. From the aforegoing it would appear that the completion of the idea of the instrument by Lewis was certainly three months anterior to the same occurrence by Davidson, and the perfect instrument made by Lewis nearly two months anterior to the same act of Davidson. As priority of invention is therefore clearly made out by Lewis, it is recommended that a patent be issued to him as the original and the first inventor." This report was adopted and confirmed by the commissioner 6th of August, 1858.

In this state of the case, (due notice of the time and place of hearing this appeal having been first given,) the commissioner caused to be laid before me his report, with the decision and reasons of appeal, together with the evidence and all the original papers; and the parties hereto by their respective attorneys appeared and filed their arguments in writing, and therewith submitted the case.

It will be observed that the only question involved in the issue between the parties in this case is "priority of invention"—to which of the parties, from the evidence in the case, it ought to be awarded. The consideration of the case will be relieved of much of the apparent difficulty in duly appreciating the application of the testimony to the precise question, by not mixing and confounding what is the invention with the mere mechanical part of the machine, and by inverting the order in which the testimony has been taken up by the commissioner, beginning with the witnesses who testify to a knowledge of the earliest period at which there were manifestations of the discovery or invention. It must be borne in mind that it is not so much he who made and perfected the first machine or instrument as he who may appear from the evidence to have been the first who conceived the idea, and so described it by words or drawings as to have been sufficient to enable a skillful workman to bring it into useful, practical operation; for such a person shall be said to have made the first claim, and will be protected against the claim of any subsequent inventor who may have been first in adapting a machine or instrument to the invention, provided such first discoverer has been using due diligence in effecting the same end, and that, although he may have been unsuccessful in some of his experiments, if by following them up he at length succeeds. Such being the well-established rule of patent law, I will proceed to consider the evidence. The commissioner thinks that the testimony of Burdick, Essex, and Brewer (Davidson's witnesses, who testify to the disclosure of the invention in 1856) ought to be set aside for the reasons stated in his report just recited. (A resumé of the depositions follows.)

I have stated the testimony of Burdick,

Brewer, and Essex more at large than the commissioner, from which it will appear that the commissioner, in his statement, has inadvertently omitted several facts contained in that testimony which, according to the view which I have taken of this case, are considered very material. The first which will be noticed is Burdick's. He says, in the interview which he had with Davidson in 1856, Davidson exhibited to him "a plan of something he had got drawn out, and explained it to him;" that he afterwards marked it out on the counter. The description witness gives of this thing, in all the essential features, corresponds with the invention as shown in the machine of the 1st of January, 1858. The commissioner omits also to state another fact in Essex's testimony, who says that "in his first interview with Davidson, which was in October, 1856, he (Davidson) told me (Essex) that he was getting up a breast pump and nipple shell, and he went on and gave a description of it," which this witness recites in more precise terms than Burdick, and at the time showed him a plan of it on paper and explained it. This is confirmatory of Burdick, and appears to me to be a perfect description of the invention in the present controversy. Here, then, are two witnesses agreeing substantially in description and drawings of the thing as having been discovered by Davidson in the month of October, 1856. If they are to be believed, Davidson's claim as to the question of priority, even if it be admitted that he failed in his experiments to construct a perfect machine or instrument adapted to the invention until January, 1858, if he had been in the meantime using due diligence to effect the same, and had done it— then his title will have relation back to the inception of his claim. "The invention itself is an intellectual process or operation, and, like all other expressions of thought, can in many cases scarcely be made known except by speech. The invention may be consummated and perfect, and may be susceptible of complete description in words a month or even a year before it can be embodied in any visible form." Philadelphia & T. R. Co. v. Stimpson, 14 Pet. [39 U. S.] 448. Again: "His (the patentee's) conversations and declarations stating that he had made an invention, and describing its details and explaining its operation, are properly to be deemed an assertion of his right at that time as an inventor, to the extent of the facts and details which he then makes known." (Ib.) In this case there was more than mere verbal description; the invention was drawn out and explained.

It appears that the ground upon which the testimony of Burdick, Essex, and Brewer has been thrown out of the case as inapplicable is not because of any material variance as to the descriptions and drawings of an instrument in accordance with the principles of the invention in this case, plainly showing the purpose, object, and device of the inventor,

but because of conflictions as to certain specimens of the mechanical instrument made in June, 1857—the one which Burdick received not being (to use his own language) "the exact instrument, but so like it that a general description would embrace both varieties." The commissioner seems to confound the idea of the invention itself with the mere mechanical machine or instrument. Suppose it be true, as stated by the commissioner, it would not be a sufficient objection to defeat the appellant's claim to priority of invention. The rule of patent law applicable to this point is stated in Curtis on Patents, 355, referring to Reed v. Cutter [Case No. 11,645]: "As to the case of two independent inventors, * * * it will be a good defense to an action upon such a patent (to the subsequent inventor) if it can be shown that the same thing was first invented by another, although not actually perfected, provided the first inventor was at the time using reasonable diligence in adapting and perfecting the thing invented. It thus gives full effect to the well-known maxim that he has the better right who is prior in point of time, namely, in making the discovery or invention." Reed v. Cutter [supra]: "The law gives the right to the first and true inventor, and to him only." I am aware of the occasion on which Judge Story stated the above principle, and of the decision of Judge Cranch in the case of Perry v. Cornell [Case No. 11,001]. There is nothing in either to show it to be inapplicable for the purpose I have used it here—being applicable as a rule of general patent law to repel the presumption of laches, independently of the provision in the fifteenth section of the act of 1836. Again, Reed v. Cutter is to the same effect: "He who invents first shall have the prior right if he is using reasonable diligence in adapting and perfecting the same, although the second inventor has in fact first perfected the same and reduced the same to practice in a positive form." But, in point of fact, has there not been more weight allowed to the circumstances supposed to show inconsistencies than they are entitled to? In the absence of corruption, are they not, according to the humane principles of law on this branch of evidence, to be reconciled without imputing improper motives? If so, it ought to be done, rather than to entirely overthrow the direct testimony of at least two witnesses to the same point of fact, neither of whose general character for veracity has been questioned. The witnesses whose testimony is supposed to show it are Haughton, Curtis, H. E. Davidson, and Babcock, of Davidson's own witnesses, and Slocum, one of Lewis' witnesses. They all show that Davidson was industriously laboring to construct an instrument that would be suitably adapted to the invention, and it is admitted by all that he at length succeeded. That he had in a short time after October, 1856, undertaken himself from time to time to construct an instrument adapted to his improvement, must be consid-

ered an undeniable fact. Babcock proves his determination as early as December, 1856, and in April, succeeding, he had made a drill for him and assisted him to make a hole in a shell. Mrs. Curtis says she assisted him in June in boring a hole, &c. It must be remarked as to her testimony, also, that it has not been stated correctly. It is truly stated that she says "he did not succeed;" but that is not all; she says he said "that he did not succeed as he wished." He did succeed, she says, in boring the hole and in inserting an ivory tube, and said he wished to attach a rubber pipe. This testimony shows that he was laboring to make the instrument, and that he did make an imperfect one. In the first week in January, 1857, Teesdale is shown Davidson's said plan, which he says was the invention represented by Exhibit "A;" and from what he says of his occupation for so many years, it must be supposed that he was a pretty good judge. Brewer proves him at work on this shell pump in the summer of 1857, after the first of June. He says that he was making them of different patterns—patterns of different materials—some with ivory tubes, some with wood, some with glass tubes, tubes blown in the glass or attached to the glass, some cut through the glass to run the tube through.

Thus, it seems to me that the proof is undeniably conclusive as to the fact of the description, both orally and by drawings, in October, 1856, of the invention in all its details, and the further fact of the diligent working and experimenting by Davidson in endeavoring to perfect an instrument adapted to his improved invention until January, 1858, when, as before said, it is admitted by all he succeeded in presenting a perfect instrument. The principal matter which seems to be relied on as showing the inconsistencies stated as the ground of the rejection is in relation to the two specimen breast pumps, the one of which was given to Essex and the other sent to Burdick at New York, and by him received, as he says, some time in July, 1857. The proof relied on to sustain the allegation is the testimony of Slocum, who says that Davidson, in the summer of 1857, (he cannot state the particular time), brought with him to the glass house of the Bay State Glass Company an article (similar to what he wanted made) of sheet-copper—one side of it was oval and one was flat—about the size of a nipple shell, and much the same shape; and witness thinks he also had an article of a similar shape, with a groove turned round the edge made out of wood. He thinks Davidson said he was going to have a valve at the top of it—either top or side, he is not certain which. His impression was that he was going to get up a breast pump. Witness' impression is that he (Davidson) told him (witness) that it was very doubtful whether they could at all valve the article he wanted made in the way

he proposed from glass, so as to make it useful. There was an instrument lying on the table in the counter room—a breast pump—made similar to the way the French nipple shell used to be made. He says that he cannot be certain, but he thinks, and his impression is, that Davidson took one of them up in his hands, and his impression is that he told him that it was to be used as a breast pump. This witness in many parts of his testimony speaks very doubtfully; and according to his impressions and belief; these parts having been objected to, cannot be considered as admissible testimony in evidence. As to the commissioner's conclusions from the portions that are evidence, (relating to the models, one in copper and the other in wood, and the desire of Davidson to have the one in copper molded in glass, with a valve arrangement about it, and which it was thought doubtful whether it could make to be useful,) and his conclusion from the further fact that if Davidson had desired an article to be molded, adapted to the true invention in this case, it could have been done at said factory; and his conclusion that the presumption thence arises that Davidson was then ignorant of the true instrument, and that the specimens which Essex and Burdick had in June and July could scarcely have been the exact instrument, although nearly resembling it; and his conclusion that the said specimen instruments were not made at either of said glass houses, and that, therefore, the testimony is inconsistent, and that the invention had not been discovered as testified to,—these conclusions, I think, are incorrect. In point of fact the witnesses prove that previous to the time stated by Slocum, he (Davidson) had been seen endeavoring to construct the machine or instrument himself. It is shown that he succeeded in making at least two of them. As to the character of the models shown to Slocum, there is no evidence to prove that he designed them for the invention claimed by him in this case, and his design in them might have been for an additional improvement, to obviate the doubt suggested by Burdick as to the entire sufficiency of the invention. But however that fact may be, it by no means destroys the evidence of the exact invention being discovered by Davidson in October, 1856, and of his having adapted a perfect instrument in January, 1858.

As to the inference drawn from Davidson's omitting to state to his brother the whole of his plan, it is equally untenable. It seems to me to be a forced inference. The doctor was himself at that time engaged in endeavoring to improve the breast pump; and, therefore, it is rather to be wondered at that he communicated as much as he did, instead of not saying more. I think, therefore, that the testimony amounts to satisfactory proof that the said appellant Davidson was the first and original inventor

of the invention in issue in this case; that priority ought to have been awarded to him, and that a patent ought to issue accordingly.